# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**BRANDEN D. SIMS**  **PLAINTIFF**
**#202400712**

V.  NO. 3:24-cv-00070-BSM-ERE

**GREENE COUNTY DETENTION CENTER**  **DEFENDANT**

## ORDER

### I.   Background

On April 24, 2024, *pro se* plaintiff Branden D. Sims, a pre-trial detainee at the Greene County Detention Center ("Detention Center"), filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Sims' original complaint alleges that: (1) he was improperly charges for two sick-call visits without receiving any medical services; and (2) Detention Center staff have failed to adequately treat his fungal foot infection. Mr. Sims names the Detention Center as the only Defendant and sues the Detention Center in both its individual and official capacity seeking monetary damages.

As currently stated, Mr. Sims' complaint fails to state a plausible constitutional claim for relief. However, rather than screen the complaint and recommend dismissal, the Court will postpone the screening process to give Mr. Sims the

opportunity to file an amended complaint clarifying his constitutional claims and correcting the deficiencies (or problems) in his current complaint.[1]

## II. Complaint Deficiencies

### A. Personal Involvement

Mr. Sims' complaint fails to identify and name as a Defendant those individuals who personally violated his constitutional rights. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." See *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

### B. Detention Center

Mr. Sims names the Detention Center as the only Defendant. However, detention centers and county jails are not entities that can be sued in a civil rights case brought under 42 U.S.C. § 1983. *Day v. Minnehaha County*, 632 Fed. Appx. 305 (8th Cir. 2016) (per curiam) (citing *Owens v. Scott County Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003) ("county jails are not legal entities amendable to suit")). Accordingly, Mr. Sims cannot proceed on his claims against the Detention Center.

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Instead, he must identify the individuals who allegedly violated his constitutional rights.

### C. Loss of Personal Property

Mr. Sims' allegations regarding the loss of personal property fail state a constitutional claim for relief. Mr. Sims' complaint alleges that County officials improperly removed funds from his inmate trust account. However, it is settled law that if an inmate is deprived of personal property, there is no relief available under section 1983 if state law provides adequate post-deprivation remedies. In *Butler v. Smith*, 208 F.3d 217 (8th Cir. 2000), the Eighth Circuit Court of Appeals determined that an Arkansas county prisoner who alleged he was wrongly charged for meals while housed at a county jail had an adequate post-deprivation state remedy and, thus, could not seek relief under section1983. See also *Bausley v. Dugan*, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision) (holding that a detainee could not bring a section1983 claim against county jail employees for seizure of personal property from his cell because he could bring a conversion action in state court).

### D. Medical Deliberate Indifference

To state a plausible medical deliberate indifference claim against any individual Defendant, Mr. Sims must allege facts that, if taken as true, support a reasonable inference that: (1) Mr. Sims had "objectively serious medical needs"; and

(2) each individual Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[2]

Mr. Sims' complaint contains no facts to show: (1) how any individual Defendant was aware of Mr. Sims' need for medical treatment; or (2) what any individual Defendant did or failed to do that denied him constitutionally adequate medical care. Thus, Mr. Sims' proposed medical deliberate indifference claim, as described in his current complaint, cannot survive screening.

---

[2] A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota,* 557 F.3d 628, 633 (8th Cir. 2009).

Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; see *Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

### III. Guidelines for Filing Amended Complaint

Mr. Sims has thirty days to file an amended complaint. If Mr. Sims files an amended complaint, he should: (1) specifically identify each individual who was deliberately indifferent to his medical needs; (2) explain how each named Defendant was aware of his need for medical treatment or medication and failed to provide him that treatment or medication; and (3) described how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct.

Mr. Sims' amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Sims should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Sims should not rely upon, or incorporate by reference, any allegations made in his original complaint. In other words, Mr. Sims' amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Sims need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

## IV.    Conclusion

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Mr. Sims may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Sims fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of Mr. Sims' claims.

3. The Clerk is instructed to provide Mr. Sims a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 25 April 2024.

_____
UNITED STATES MAGISTRATE JUDGE