# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**BRANDEN D. SIMS**                                                                                           **PLAINTIFF**
**#202400712**

V.                                      NO. 3:24-cv-00070-BSM-ERE

**GREENE COUNTY DETENTION CENTER**                                               **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.     Procedure for Filing Objections

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

### II.    Background

On April 24, 2024, *pro se* plaintiff Branden D. Sims, a pre-trial detainee at the Greene County Detention Center ("Detention Center"), filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Sims' original complaint alleges that: (1) he was improperly charged for two sick-call visits without receiving any medical services; and (2) Detention Center staff have failed to adequately treat his fungal

foot infection. Mr. Sims names the Detention Center as the only Defendant and sues the Detention Center in both its individual and official capacity seeking monetary damages.

On April 25, 2023, the Court entered an Order explaining to Mr. Sims that his original complaint was deficient. *Doc. 4*. The Court gave Mr. Sims an opportunity to file an amended complaint correcting the pleading deficiencies and warned him that the failure to do so would likely result in dismissal of this case. *Id. at 6*.

To date, Mr. Sims has not filed an amended complaint, and the time to do so has passed. The Court will therefore screen Mr. Sims' original complaint, as required by 28 U.S.C. § 1915A.

### III.   Discussion

#### A.   Screening

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents

2

attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

### A.  Detention Center

Mr. Sims names the Detention Center as the only Defendant. However, detention centers and county jails are not entities that can be sued in a civil rights case brought under 42 U.S.C. § 1983. *Day v. Minnehaha County*, 632 Fed. Appx. 305 (8th Cir. 2016) (per curiam) (citing *Owens v. Scott County Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003) ("county jails are not legal entities amendable to suit")). Accordingly, Mr. Sims cannot proceed on his claims against the Detention Center.

### C.  Loss of Personal Property

Mr. Sims' allegations regarding the loss of personal property fail state a constitutional claim for relief. Mr. Sims' complaint alleges that County officials improperly removed funds from his inmate trust account. However, it is settled law that if an inmate is deprived of personal property, there is no relief available under section 1983 if state law provides adequate post-deprivation remedies. In *Butler v. Smith*, 208 F.3d 217 (8th Cir. 2000), the Eighth Circuit Court of Appeals determined that an Arkansas county prisoner who alleged he was wrongly charged for meals while housed at a county jail had an adequate post-deprivation state remedy and, thus, could not seek relief under section1983. See also *Bausley v. Dugan*, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision) (holding that a detainee

could not bring a section 1983 claim against county jail employees for seizure of personal property from his cell because he could bring a conversion action in state court).

### D. Medical Deliberate Indifference

To state a plausible medical deliberate indifference claim against any individual Defendant, Mr. Sims must allege facts that, if taken as true, support a reasonable inference that: (1) Mr. Sims had "objectively serious medical needs"; and (2) each individual Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[1]

---

[1] A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota,* 557 F.3d 628, 633 (8th Cir. 2009).

Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; see *Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a

Mr. Sims' complaint contains no facts to show: (1) how any individual Defendant was aware of Mr. Sims' need for medical treatment; or (2) what any individual Defendant did or failed to do that denied him constitutionally adequate medical care. Thus, Mr. Sims has failed to state a plausible medical deliberate indifference claim.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Sims' complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED 30 May 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).